ALISON v. CHINA & JAPAN TRADING CO., Limited.

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

1. PLEADING—CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBERING.

Plaintiff alleged that he was a bookkeeper, of sober habits, and was employed to work in defendant's branch office in Kobe, Japan, from July 1, 1907, to December 31, 1911, at certain specified rates; that he went to Japan, faithfully performed his services until defendant's manager in such office, acting within the scope of his authority, sent defendant a cablegram that plaintiff was not satisfactory, because addicted to drinking intoxicating liquor, whereupon defendant wrote a letter to plaintiff's sister, informing her of the contents of such cablegram, and advising her of its withdrawal of its agreement to provide for her going to Japan as contemplated; that by the sending of such letter plaintiff's good name, fame, and credit were injured, for which he demanded damages.  *Held*, that the complaint contained at most but a single cause of action for libel, and that a motion to compel plaintiff to separately state and number different causes of action was properly denied.

2. SAME—IRRELEVANCY.

Defendant's remedy against irrelevant verbiage in a complaint is by motion to strike out.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1156–1162.]

Appeal from Special Term.

Action by Andrew M. Alison against the China & Japan Trading Company, Limited. From an order denying defendant's motion to separately state and number three causes of action, which defendant claimed were alleged in the complaint, defendant appeals. Affirmed.

The complaint herein is as follows:

"The plaintiff, complaining of the defendant, respectfully alleges as follows:

"I. Upon information and belief, that at the times hereinafter mentioned the defendant was and now is a domestic corporation.

"II. That at the times hereinafter mentioned and for many years previous thereto plaintiff was by profession a bookkeeper and cashier, and as such was employed by this defendant as hereinafter mentioned as well as by other persons, and always conducted himself with sobriety, honesty and fidelity, and never had been guilty or suspected to have been guilty of having been a drunkard, or for any other reason having been unworthy to occupy his said positions; but on the contrary, always bore an excellent reputation among his said employers and all other persons.

"III. That heretofore at the city of New York, on the 24th day of May, 1907, an agreement in writing was made and entered into between this plaintiff and said defendant wherein and whereby, among other things, the said defendant employed the said plaintiff as cashier and bookkeeper to act as such at the defendant's branch office in the city of Kobe, Japan, from July 1, 1907, to December 31, 1911.  And in and by said agreement the defendant promised to pay the said plaintiff a salary for the balance of the year 1907 at the rate of $150 per month, for the year 1908 at the rate of $162.50 per month, for the year 1909 at the rate of $175 per month, for the year 1910 at the rate of $187.50, and for the year 1911 at the rate of $200 per month; said rates herein being specified in said contract according to the Japanese coin, yens, each of which is worth 50 cents in money of the United States.

"IV. That thereafter and pursuant to said contract on the 20th day of July, 1907, plaintiff entered into the employ of the said defendant, and proceeded to the defendant's branch at said Kobe, Japan, pursuant to said contract, and duly and faithfully performed all the conditions thereof on his part to be performed, until the occurrences hereinafter mentioned.

"V. That at the times hereinafter mentioned, and for some time prior thereto, the defendant had in its employ as general manager of its said branch at Kobe, Japan, one George Watrous.

"Upon information and belief—

"VI. That on the 30th day of November, 1907, at said Kobe, Japan, the said Watrous willfully, wickedly, maliciously, falsely and with intent to injure this plaintiff in his good name and fame and to prejudice him in the eyes of this defendant, and to cause him to be discharged from his said employment, wrote, composed, published, addressed, and caused to be sent to this defendant, of and concerning this plaintiff, a cablegram which contained the following words in cipher:

" 'Alison Wirbelein Drinker Lyncida.'

"VII. That the said cipher message translated into ordinary English is as follows:

" 'Alison is not satisfactory; drinker; await our letter of —————— before acting.'

"That the said cipher message was fully understood both by the said Watrous and the said defendant, and was pursuant to a private cipher code in use by the said defendant and the said Watrous.

"VIII. That the said Watrous meant to charge and did charge by said cablegram that this plaintiff was not satisfactory in the discharge of his duties of his said employment by the defendant, but that the said plaintiff was addicted to drinking intoxicating beverages, was a drinker and incapable of attending properly to his said duties, and unreliable and unworthy and unfit to occupy his said position, which was a position of trust and confidence and required sobriety and ability on the part of the plaintiff, and as hereinbefore stated the defendant so understood the said cablegram.

"IX. Upon information and belief that immediately upon the receipt of said cablegram, without making any investigation as to the truth or falsity thereof and without giving the plaintiff any opportunity to deny or disprove the same, on or about November 30, 1907, the said defendant discharged this plaintiff from said employment and terminated the said contract, and willfully, maliciously, wrongfully and falsely wrote, composed, published, addressed, and sent of and concerning this plaintiff, to one Mrs. E. Cockrell, a sister of this plaintiff, a letter, of which the following is a copy:

" 'New York, Nov. 30, 1907.

" 'Mrs. E. Cockrell, 2179 Ocean Ave., Brooklyn, N. Y.

" 'Dear Madam: It is our unpleasant duty to advise you that we have received the following cablegram this morning from our Kobe Branch:

" ' "Andrew M. Alison is not satisfactory; drinker; await our letter of —————— before acting."

" 'Under the changed circumstances we withdraw our letters to you relative to your journey to Kobe and cancel the engagement. The letter which Kobe refers to can hardly reach here until late next month.

" 'With expression of keen disappointment and regret, we are, yours faithfully,                China & Japan Trading Company, Ltd.,

" 'Robert Christie, V. P.'

"X. That said defendant by said letter meant to and did make, repeat and publish of and concerning the plaintiff the same charges as in paragraph VIII hereof it is alleged that said Watrous meant to and did make of and concerning the plaintiff.

"XI. That said statements and charges made as aforesaid by the said defendant and said Watrous of and concerning this plaintiff were wholly and in every respect false and untrue.

"XII. Upon information and belief, that the said Watrous in sending said cablegram to the said defendant acted within the course and scope of his said employment by the defendant as manager, and that the said defendant fully ratified, approved and confirmed the said act of the said Watrous in sending the same.

"XIII. That by reason of the premises plaintiff has been injured in his good name, fame and credit as such bookkeeper and cashier as aforesaid, and furthermore has sustained the following special damages:

"The plaintiff had made arrangements to provide a home in the said Kobe, Japan, for his said sister and her daughter; his said sister being a widow and plaintiff providing for her support. And by reason of plaintiff's being suddenly discharged from his said employment as aforesaid, he lost certain expenses which he had defrayed in preparing to bring his sister and her said daughter to the said Kobe, Japan, and in engaging a home for them, thereby making a net loss to him of $213.59.

"XIV. That by reason of the premises plaintiff has sustained damages in all in the sum of $20,000.

"Wherefore, plaintiff demands judgment against the defendant for the sum of $20,000 besides the cost and disbursements of this action."

The defendant claims that this complaint sets forth a cause of action for damages for breach of contract of employment, another for damages for libel by the defendants in a letter which they wrote and which is alleged in the ninth paragraph of the complaint, and another for damages for libel by Watrous in the writing of a letter contained in paragraph 6 of the complaint.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

William S. Maddox, for appellant.
Jacob Friedman, for respondent.

GAYNOR, J. The complaint contains only one cause of action, as the plaintiff claims, if it contain any, namely, a cause of action for damages for libel for the letter written by the defendants which is alleged in the ninth paragraph of the complaint. Substantially all else in the complaint is irrelevant verbiage, in which some pleaders revel, but the defendant's remedy against that is a motion to strike it out. There are no different causes of action to separately state, as was the defendant's motion.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur; RICH, J., in result.